AMMI W. WRIGHT, APPELLANT, v. BARTON & FULLER
ET AL., APPELLEES.

[FILED JUNE 11, 1892.]

1. **Partnership:** FIRM DEBTS CHARGEABLE AGAINST A SURVIV-
ING PARTNER. Where a debt has been contracted by a partner-
ship in the firm name and one of the partners thereafter dies, the
debt continues as a charge against the surviving partner, and it
need not be filed as a charge against the estate of the deceased
partner.

2. ———: ———. Upon the facts proved, *held*, that the plaintiff
was at least entitled to judgment for the amount of his claim,
and such remedies as the law affords for its collect on.

APPEAL from the district court for Gage county. Heard
below before APPELGET, J.

*J. E. Cobbey* (*Wood & Joslin*, of counsel), for appellant:

Where the dissolution is by the death of a partner, a
continuance of the business by the survivor with the old
assets cannot avail to postpone the old debts to the new
ones. (*Benson v. Ela*, 35 N. H., 402–420; *Clements v. Jes-
sup*, 36 N. J. Eq., 569; *Deveu v. Fowler*, 2 Paige Ch.
[N. Y.], 400; *Filley v. Phelps*, 18 Conn., 294; *Ex parte*

*Chuck*, 8 Bing. [Eng.], 469.) Even if there had been new money added, and the new purchases had been commingled with the old, the creditors of the old firm would be entitled to it all (Bates, Partnership, 986*, 991*, and cases cited); and equity will follow it, even into the hands of a third party, for this purpose. (*Renfrow v. Pearce*, 68 Ill., 125; *Ex parte Crowder*, 2 Vern. [Eng.], 706; Bates, Part., sec. 825 and cases; *Caldwell v. Bloomington*, 17 Neb., 489.) Each partner has a lien upon the effects so that they may be applied primarily to the extinguishment of the partnership liabilities. (*Warren v. Taylor*, 60 Ala., 223; *Till's Case*, 3 Neb., 261; *Moore v. Huntington*, 84 U. S., 417; *Janney v. Springer*, 43 N. W. Rep. [Ia.], 461; *Schuster v. Rader*, 22 Pac. Rep. [Colo.], 505; *Colwell v. Bank*, 15 Atl. Rep. [R. I.], 80.) The rights of creditors of an insolvent firm, one of whose members is dead, will be protected, even against the administrator of the deceased member. (*Banks v. Steele*, 27 Neb., 138; *Sherley v. Thomasson*, 1 S. W. Rep. [Ky.], 530; *Brown v. Watson*, 33 N. W. Rep. [Mich.], 493; *Deeter v. Sillers*, 102 Ind., 458.) Where a wife becomes a partner in place of her deceased husband, she will be held liable for his partnership debts. (*Preusser v. Henshaw*, 49 Ia., 41.) A surviving partner cannot make general purchases and charge the estate of the deceased partner therewith. (*Oliver v. Forrester*, 96 Ill., 315; *Stewart v. Robinson*, 2 N. Y. Sup., 309.)

*Hazlett, Bates & Le Hane, contra:*

The new contract between the incoming partner on behalf of the new firm and the appellant operated to extinguish the old debt, and it became the obligations of the new debtor and constituted a novation of parties. (*Millerd v. Thorn*, 56 N. Y., 406; *Parmalee v. Wiggenhorn*, 6 Neb., 322; Story, Partnership, 276, 277, 278; *Waydell v. Luer*, 3 Denio [N. Y.], 410.) If the plaintiff has been guilty of laches in the protection and collection of his claim, defend-

ants, who have in good faith sold goods to the new firm, and secured their claims by superior diligence, should not be made to suffer loss. (*In re Birch*, L. R. 27, Ch. Div. [Eng.], 622.)

MAXWELL, CH. J.

This is an action upon a promissory note, of which the following is a copy:

"$2,500.          FILLEY, NEB., Sept. 5, 1885.

"Four months after date, I, we, or either of us, promise to pay to A. W. Wright, or order, two thousand and five hundred dollars, for value received, negotiable and payable at the First National Bank, Saginaw, Mich., with interest at the rate of —— per cent per annum from date until paid; and the sureties and indorsers hereby waive notice of protest and notice of non-payment hereof and guarantee the payment of this note at maturity or any time thereafter.          BARTON & FULLER."

The following payments are credited on the note:

| | |
|---|---|
| January 23, 1886, interest paid | $59 80 |
| May 12, 1886, interest paid | 59 80 |
| September 13, 1886, interest paid | 59 80 |
| January 8, 1887, interest paid | 59 80 |
| May 7, 1887, interest paid | 59 80 |
| September 12, 1887, interest paid | 59 80 |
| January 14, 1888, interest paid | 59 80 |
| May 19, 1888, interest paid | 59 80 |

The plaintiff also sought to have the note declared a first lien on the partnership property and for other relief. The defendants, in their answer, admit many of the allegations of the petition, but plead novation of the note and that the claims of other creditors are superior to that of the plaintiff. On the trial the court made special findings and rendered judgment as follows:

"Now on this 30th day of December, A. D. 1889, this

cause came on to be heard at chambers, under the stipulation heretofore entered into in this case, and was submitted to the court on the briefs of plaintiff and defendants, the petition of plaintiff, answer of the defendants, reply of plaintiffs, and the evidence, on consideration whereof the court finds generally for defendants.

"2. Court finds that in May, 1885, George D. Barton and M. D. Fuller entered into copartnership for the purpose of carrying on the business of general merchandising at Filley, Nebraska, under the firm name of Barton & Fuller.

"3. Court finds that on the 6th day of September, 1885, Barton & Fuller executed to plaintiff their promissory note for $2,500, due in four months after date, and that the same has never been paid.

"4. Court finds that on October 25, 1885, George D. Barton died.

"5. Court finds that in December, 1885, the plaintiff had knowledge of the death of George D. Barton.

"5. Court finds that no application for letters of administration upon the estate of George D. Barton, deceased, was made until March 2, 1886, when application was made by the widow, Mina C. Barton, and letters of administration granted to her.

"6. Court finds that an appraisement of the estate was made by the administratrix and filed in the office of the county judge, April 15, 1886.

"7. The court finds that that part of the estate that was included in the firm business was never turned over to the administratrix by the surviving partner and that she never took possession of them as such administratrix.

"8. Court finds that in April, 1886, Fuller, as surviving partner of the firm of Barton & Fuller, sold an undivided half interest of the entire stock of Barton & Fuller to Mina C. Barton and that she took possession of the same as a partner.

" 9. Court finds that the new firm of Barton & Fuller carried on the business from April, 1886 to May, 1888.

" 10. Court finds that Hargreaves Bros., J. H. Walker & Co., Consolidated Tank Line, Lasch Bros., Charles Harvey, Donald Bros., Wm. W. Kendall Boot & Shoe Company, Joy, Morton & Co., H. P. Lau, Root & White, Bouvie, Daniels & Goss, J. R. Voorhees, Elijah Filley, J. F. Kees, James Kerr, J. W. Wright, M. D. Fuller, Samuel Musselman, Englehart, Winning & Co., Leopold Bros. & Co. are creditors of the firm of Barton & Fuller, composed of the firm of Mina C. Barton and M. D. Fuller.

" 11. Court finds that the stock of goods mortgaged and taken possession of by defendants under the mortgage was the property of Barton & Fuller, Mina C. Barton and M. D. Fuller. It is therefore ordered and adjudged by the court that the temporary injunction allowed in this case July 7, 1888, be, and the same is hereby, dissolved, and that this action be dismissed and that the defendants recover their costs herein taxed at $———."

The testimony shows that in May, 1885, George D. Barton and M. D. Fuller entered into partnership in the mercantile business at Filley, Nebraska; that the plaintiff, who was a friend of Barton's, loaned the defendants $2,500 to put into their business; that the interest was paid as agreed upon until September 12, 1888; that on the 28th day of October, 1888, Barton died intestate, leaving a widow, Mina C. Barton, and two children named Fannie and Nellie, both minors; that in the spring of 1886 letters of administration were taken out by the widow, but no claims seem to have been presented against the estate, although upon this point the proof is very meager. In April, 1886, Mina C. Barton became a member of the firm of Barton & Fuller. The business, both before and after that event, seems to have been conducted by Fuller alone. On the 22d of May, 1888, the firm of Barton & Fuller executed the

mortgages in question upon their stock of goods.   Two days afterwards Mina Barton brought an action as guardian of Fannie and Nellie against Barton & Fuller, and the court, after ordering the payment of certain claims set out in the decree, ordered the payment of the balance to Fannie and Nellie Barton.   The plaintiff was not a party to that suit.

The proof also shows that the original debt was that of the firm, and that Fuller carried on the business after the death of Barton, as surviving member of the firm ; that after Mrs. Barton became a member of the firm an attempt was made by the parties to execute a new note to the plaintiff and take up the one in suit; that the plaintiff was willing to extend the credit and permit a novation, but refused to take a new note ; the debt, however, seems thereafter to have been treated as that of the new firm.   It also appears that there is some property of the firm which has passed into the hands of the minor children ; that the debts for which the mortgages were executed were *bona fide* and should be paid.

So far as we can judge by the record, the plaintiff has been very indulgent in not forcing the collection of his note before the mortgages in question were executed, and there is nothing to show that Mina C. Barton has acted in bad faith.   So far as she is concerned there appears to be an inability to pay the debt.   She became a member of the firm, however, and as such assumed the debt in question. The debt being that of the firm, was a charge upon the firm assets, and was not a charge against the estate of Barton.   The plaintiff is not debarred, therefore, by a failure to present the same as a claim against the estate before invoking the aid of a court of equity; but the plaintiff must recover judgment and exhaust his remedy at law; when that is done he will be entitled to the application of any firm property not applied on other firm debts.   The judgment of dismissal is, therefore, reversed,

but the liens of creditors as found by court affirmed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.